IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-10104-CIV-MOORE/SIMONTON

CAT CHARTER L.L.C.,
PATRICIA RYAN, and DANIEL RYAN,

      Plaintiffs,

v.

WALTER SCHURTENBERGER, and
MULTIHULL TECHNOLOGIES, INC.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO VACATE ARBITRATION AWARD; DENYING PLAINTIFFS' MOTION TO CONFIRM ARBITRATION AWARD

THIS CAUSE came before the Court upon Plaintiffs' Motion to Confirm Arbitration Award and for Entry of Judgment (dkt # 17), and Defendants' Motion to Vacate Arbitration Award (dkt # 18). Plaintiffs filed a Response (dkt # 29), and Defendants filed a Response (dkt # 21), and a Reply (dkt # 40).

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case arises out of a failed agreement for the construction of a yacht. Plaintiffs Patricia and Daniel Ryan ("the Ryans"), are the incorporators of a catamaran charter boat business, Cat Charter L.L.C. ("Cat Charter") (collectively, "Plaintiffs"). Compl. ¶ 6. Defendant Walter Schurtenberger ("Schurtenberger") allegedly assured the Ryans that he could build a boat for their business on a budget of $1,200,000.00, payment to be made to Schurtenberger in ten quarterly installments of $120,000.00. Compl. ¶¶ 19-21. In 2005, Cat Charter entered into an

agreement with Schurtenberger's company, Defendant Multihull Technologies, Inc. ("MTI"), for the construction of the vessel.[1] Compl. ¶ 23. According to the Complaint, however, Schurtenberger had yet to deliver anything of value to Plaintiffs by 2008, despite receiving payment from the Ryans in excess of $1,900,000.00 over a period of three years. Compl. ¶ 34. Plaintiffs filed the Complaint in this action on December 4, 2008, asserting claims for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), fraud, and breach of fiduciary duty, seeking treble civil damages pursuant to § 772.11, Florida Statutes. See Compl. at 7-10 (dkt # 1).

On December 31, 2008, Schurtenberger filed a Motion to Stay and Compel Arbitration (dkt # 7). Plaintiffs indicated in their Response (dkt # 8) that they did not oppose arbitration. Accordingly, on January 15, 2009, this Court entered an Order granting Schurtenberger's motion and stayed this case pending the outcome of the arbitration (dkt # 9).

The Parties proceeded to arbitration, with Plaintiffs submitting claims for breach of contract, rescission, violation of the FDUTPA, fraud, and breach of fiduciary duty. See Amended Statement of Claim, Pl.'s Ex. B-1 (dkt # 17-2). A three-member panel ("the Panel") heard argument from both sides during a five-day hearing in August 2009. Following post-hearing briefing, on December 7, 2009, the Panel issued a unanimous award in favor of Plaintiffs. See Award of Arbitrators, Pl.'s Ex. A (dkt # 17-1) ("the Award"). The Award states in pertinent part as follows:

> 1.  On the claim of the Claimants, CAT CHARTER, LLC; DANIEL RYAN; and PATRICIA RYAN (hereinafter collectively "Claimants"), for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), we find that Claimants have proven their claim against

---

[1] MTI, while not originally a named Defendant in this action, participated in the arbitration which prompted the instant Motions, and was made a Defendant pursuant to this Court's February 5, 2010, Order Granting Plaintiffs' Motion to Join MTI as a Defendant (dkt # 38). MTI has joined in Schurtenberger's motion to vacate the arbitration award. See dkt # 26.

2

> Respondents, MULTIHULL TECHNOLGIES, INC. (hereinafter "MTI"), and WALTER SCHURTENBERGER ("SCHURTENBERGER"), by the greater weight of the evidence;
> 2. On the claim of the Claimant, CAT CHARTER, LLC, for breach of contract by Respondent MTI, we find that Claimant, CAT CHARTER, LLC has proven its claim against MTI by the greater weight of the evidence;
> 3. All other claims of the Claimants are hereby denied. All counter-claims of the Respondents, MTI and SCHURTENBERGER, are denied . . .

See id. ¶¶ 1-3. The Panel awarded Plaintiffs damages of $2,001,924.00, plus interest accruing at the applicable statutory rates, and attorneys' fees and costs in an amount to be determined by this Court. See id. ¶¶ 7-10. On December 31, 2009, Plaintiffs filed their Motion to confirm the Award. On December 18, 2009, Defendants filed their Motion to vacate the Award. Defendants argue that the panel did not provide the "reasoned award" that the Parties agreed to, and that therefore the Award must be vacated pursuant to 9 U.S.C. 10(a)(4) because the panel exceeded its powers.

## II.   STANDARD OF REVIEW

The Federal Arbitration Act ("the FAA") provides in pertinent that

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected, as prescribed in sections 10 and 11 of this title . . .

9 U.S.C. § 9.[2] The FAA "imposes a heavy presumption in favor of confirming arbitration awards," and so "a court's confirmation of an arbitration award is usually routine or summary." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002). The FAA provides, however, that a district court may vacate an arbitration award in limited circumstances,

---

[2] It is undisputed that the FAA applies here, because the contract containing the arbitration agreement involved interstate commerce. See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 273-74 (1995).

3

specifically, where: 1) the award was procured by corruption, fraud, or undue means; 2) there was evident partiality or corruption in the arbitrators, or either of them; 3) the arbitrators were guilty of misbehavior which prejudiced the rights of a party to the arbitration; or 4) the arbitrators exceeded their powers. See 9 U.S.C. § 10(a)(1) – (4). These four statutory grounds are the only bases upon which a court may vacate an arbitration award. See Hall Street Assocs. L.L.C. v. Mattel, Inc., 552 U.S. 576, 584 (2008). Defendants here move to vacate the award pursuant to 9 U.S.C. § 10(a)(4), on the ground that the arbitrators exceeded their powers by not rendering a reasoned award.

**III.  ANALYSIS**

**A.  Rules Governing the Arbitration**

The Parties agreed in the contract for construction of the charter boat that any arbitration would be governed by the American Arbitration Association ("AAA") Rules, without identifying any particular rules. See Contract, § X, Pl.'s Ex. 1 (dkt # 17-2 at 24). Under AAA Commercial Rule 1, "[t]he parties shall be deemed to have made these rules part of their arbitration agreement whenever they have provided for arbitration by the [AAA] under its Commercial Rules or for arbitration by the AAA of a domestic commercial dispute without specifying any particular rules." AAA Commercial Arbitration Rule R-1(a), quoted in Def.'s Mot. to Vacate at 5. Accordingly, the AAA Commercial Arbitration Rules governed the Parties' arbitration.

The AAA Commercial Arbitration rules provide that "[t]he arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator, or unless the arbitrator determines that a reasoned award is appropriate." AAA

Commercial Arbitration Rule 42(b), quoted in Def.'s Mot. to Vacate at 5.[3]  AAA Commercial Arbitration Rule R-1(a), however, states in pertinent part that "[t]he parties, by written agreement, may vary the procedures set forth in these rules[;] [a]fter appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator." AAA Commercial Arbitration Rule R-1(a), quoted in Def.'s Mot. to Vacate at 5. Defendants acknowledge that no modifications were made prior to the appointment of the Panel. Therefore, for the Parties to have validly modified the rules governing the arbitration in this case, they must have done so in writing with the consent of the Panel.

The Parties did in fact validly modify the arbitration agreement to require a reasoned award from the Panel. On March 5, 2009, the Panel transmitted to the Parties a Report of Preliminary Hearing and Scheduling Order that stated that "[t]he form of the award will also be determined by agreement of the parties." Panel Report ¶ 7, Def.'s Ex. A (dkt # 18 at 74). The Order further stated that it would "remain in effect until and unless amended by further order of the arbitrators." Id. ¶ 12. No amendments to the Order were issued. On March 25, 2009, Defendants' counsel, Michael Stearns, informed Katie Seder—the AAA case manager associated with the arbitration—in writing that "the parties have agreed that the panel shall provide a reasoned award and that the panel shall determine who the prevailing party or parties are on the various claims between the parties." Stearns Facsimile, Def.'s Ex. B (dkt # 18 at 77). Plaintiffs also reiterated in their post-hearing briefing that the Parties had agreed to receive a reasoned award. See Post-hearing Brief at 2, Pl.'s Ex. C-1 (dkt # 23-1). Accordingly, the Parties validly modified the procedures governing the arbitration pursuant to AAA Commercial Rule 1(a).

---

[3] "A reasoned award is something short of findings and conclusions but more than a simple result." Sarofim v. Trust Co. of the West, 440 F.3d 213, 215 n.1 (5th Cir. 2006) (citations and quotation marks omitted).

Plaintiffs' claim that the Parties merely "asked" the Panel to render a reasoned award rings hollow. The Panel's Scheduling Order explicitly states that the form of the award "will be determined by the Parties' agreement," and the March 25, 2009, notice communicating that agreement states that the Panel "shall" provide a reasoned award. In light of this unambiguous language, there is no indication that the Panel or the Parties could have understood the Panel to have any discretion to render anything other than a reasoned award. Similarly implausible is Plaintiffs' argument that "the AAA rules put the arbitrators in the same position that the federal rules place this Court . . ." Pl.'s Resp. in Opp'n at 3. While arbitration is a "creature of contract," Szuts v. Dean Witter Reynolds, Inc., 931 F.2d 830, 831 (11th Cir. 1991), litigation in federal court is not. While parties to a lawsuit in federal court are not free to contract around the Federal Rules of Civil Procedure, parties to an arbitration are not similarly limited. See id. at 831-32. Here the Parties—and the Panel—properly agreed, as authorized by the governing AAA Rules, that the Panel would issue a reasoned award.

B.    Whether the Panel Exceeded its Powers

"Arbitration is contractual and arbitrators derive their authority from the scope of the contractual agreement." Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc., 607 F.2d 649, 651 (5th Cir. 1979); accord Szuts, 931 F.2d at 831 ("The power and authority of the arbitrators in an arbitration proceeding is dependent on the provisions of the arbitration agreement under which the arbitrators were appointed"). The FAA accordingly "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 477 (1989).

For the reasons stated above, the Parties' contractual agreement in this case required the Panel to issue a reasoned award. That is not, however, what the Panel ultimately provided. The Award states only that two of Plaintiffs' claims have been proven "by the greater weight of the evidence," and states summarily that all remaining claims, both Plaintiffs' and Defendants', are denied, without offering any reasons for the result. Even if it were true, as Plaintiffs urge, that a bare finding of proof "by the greater weight of the evidence" is a "reason," the Panel's denial of all other claims was simply announced as a bare result. Because the Panel was authorized only to provide a reasoned award, but instead merely announced the winners and losers, the Panel exceeded its powers, and the award must be vacated.[4]

The facts here are unlike those of the unpublished, out-of-circuit decision that Plaintiffs describe as "the only federal case on point," see Pl.'s Resp. in Opp'n at 4, where a district court concluded that an arbitration award was reasoned because it was not "devoid of explanation." See ARCH Development Co. v. Biomet, Inc., No. 02-C-9013, 2003 WL 21697742, at *4 (N.D. Ill. July 30, 2003) (concluding that an arbitrator's award was reasoned where it "did more than simply stated who wins and who loses," but rather "cited the relevant contractual provisions and definitions" and provided various findings and conclusions). Here, in contrast, the award was indeed devoid of explanation.

Plaintiffs also cite ARCH Development Co. for the proposition that "failure to provide a reasoned award cannot form the basis for finding that the arbitrator exceeded his powers" under

---

[4] This conclusion does not undermine the long-standing rule that, ordinarily, "[a]bitrators have no obligation to the court to give their reasons for an award." United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960). It simply affirms that where parties properly contract for a specific form of award—particularly where, as here, they do so with the consent of the arbitrator—a court must enforce the parties' agreement. Nor does this result invade the province of the arbitrator to decide the merits of the case. This Order expresses no opinion on whether the Panel reached the correct result as a matter of fact or law. Rather, it simply notes that in rendering the award, the Panel acted outside the scope of its authority.

9 U.S.C. § 10(a)(4). Id. at *4 n.4 (stating that it was "very strange to assert than an arbitrator has exceeded his powers by not doing enough.") (emphasis in original). The Eleventh Circuit has held, however, that arbitrators exceed their power where they fail to conduct the arbitration in accordance with the terms of the parties' agreement. In Szuts, the parties' agreement required a three-arbitrator panel, but only two arbitrators issued the award (a third having been disqualified and removed from the panel). See 931 F.2d at 831-32. Reiterating that arbitration is a creature of contract, the Eleventh Circuit determined that the arbitrators had exceeded their powers by not complying with the terms of the parties' arbitration agreement, and reversed the district court's confirmation of the arbitration award. See id. at 832. Therefore, "not doing enough"—whether that consists of issuing an award without the requisite number of arbitrators, or not providing the level of reasoning that the parties have required—is a basis for concluding that arbitrators have exceeded their powers. This is consistent with the caselaw of other circuits, as well. See Youngs v. Am. Nutrition, Inc., 537 F.3d 1135, 1141 n.7 (10th Cir. 2008) (concluding that "an arbitration award is flawed if the arbitrator fails to resolve a matter that the parties submitted pursuant to their agreement"); W. Employers Ins. Co. v. Jefferies & Co., Inc., 958 F.2d 258, 262 (9th Cir. 1992) (concluding that "arbitrators can also 'exceed their powers' under [9 U.S.C. § 10(a)(4)] where they fail to meet their obligations, as specified in a given contract, to the parties").

 C. Remand

Plaintiffs argue that Defendants' only possible remedy is remand to the Panel for clarification, rather than vacatur. For the reasons discuss above, however, the Award must be vacated pursuant to 9 U.S.C. § 10(a)(4). Further, remand is also barred by the common law doctrine of functus officio. Under this doctrine, once an arbitration panel renders an award, its duties are discharged and it may not re-examine its decision. See, e.g., Colonial Penn. Ins. Co. v.

Omaha Indem. Co., 943 F.2d 327, 331-32 (3d Cir. 1991).[5]  Courts have generally recognized three exceptions to the functus officio doctrine:1) to allow the arbitrator to correct a clerical or arithmetic mistake that is apparent on the face of the award, 2) to allow the arbitrator to rule upon an issue presented to the panel but not adjudicated, and 3) to clarify an ambiguity in an otherwise seemingly complete award.  See id.; In re Rollins, Inc. (Black), 552 F. Supp. 2d 1318, 1325 (M.D. Fla. 2004), aff'd in part, rev'd in part on other ground sub nom. Rollins Inc. v. Black, 167 F. App'x 798 (11th Cir. 2006).  The Eleventh Circuit has further elaborated that a remand for clarification is appropriate only where the award is subject to multiple interpretations.  See Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 780 n.4 (11th Cir. 1993).  None of the exceptions to the doctrine of functus officio apply here.  There is no clerical or mathematical error apparent on the face of the award, there is no issue remaining which the Panel failed to adjudicate, and the award is not ambiguous.  Accordingly, the Court will not remand this matter to the Panel.[6]

### IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Confirm Arbitration Award and for Entry of Judgment (dkt # 17) is DENIED, and Defendants' Motion to Vacate Arbitration Award (dkt # 18) is GRANTED.  The Panel's Award is hereby VACATED.

---

[5] The Eleventh Circuit has yet to address the doctrine of functus officio in the context of arbitration.  It is significant, however, that in vacating arbitration awards and remanding for further proceedings, the Eleventh and former Fifth Circuits have specified that the new arbitration proceedings should take place before a new panel.  See Szuts, 931 F.2d at 832; Totem Marine Tug & Barge, Inc., 607 F.2d at 653.

[6] The Court, in its discretion, may order a rehearing by the arbitrators "[i]f an award is vacated and the time within which the agreement required the award to be made has not expired." 9 U.S.C. § 10(b).  No Party has asked the Court to order a rehearing, however, and so the Court declines to consider whether to do so here.

DONE AND ORDERED in Chambers at Miami, Florida, this /9th day of February, 2010.

                                      K. MICHAEL MOORE
                                      UNITED STATES DISTRICT JUDGE

cc: All counsel of record