IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 08-cv-10104-KMM

CAT CHARTER, LLC, et al.,

    Plaintiffs,

vs.

WALTER SCHURTENBERGER, et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED AGAINST NON-DEBTOR DEFENDANTS

THIS CAUSE came before the Court upon Plaintiffs' Motion for Leave to Proceed Against Non-Debtor Defendants (ECF No. 141). Defendant Walter Schurtenberger filed a Response (ECF No. 144). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

On February 2, 2012, Plaintiffs filed an Ex Parte Motion Filed Under Seal to Implead Third Party Defendants for Proceedings Supplementary to Execution (ECF No. 81). In that motion, Plaintiffs allege the Defendants fraudulently transferred assets in order to hinder or delay Plaintiffs' efforts to collect as unsecured creditors. Subsequently, Defendant Walter Schurtenberger (the "Debtor") filed a Suggestion of Bankruptcy (ECF No. 130). Plaintiffs now request that the present action proceed against the non-debtor Defendants.

Pursuant to 11 U.S.C. § 362, any claim against the Debtor and any claim to avoid a fraudulent transfer between the Debtor and a non-debtor Defendant is stayed. See In re Van Dieppen, 236 Fed. App'x 498, 501-02 (11th Cir. 2007) (stating that fraudulent transfer avoidance

1

claims were property of the estate); In re Zwirn, 362 B.R. 536, 540–41 (Bankr. S.D. Fla. 2007) (holding that actions for the recovery of the debtor's property by individual creditors under fraudulent conveyance laws would interfere with the estate and are stayed under section 362).

However, "[i]t is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." Lane v. Capital Acquisitions & Mgmt. Co., No. 04-60602, 2005 WL 5544964, at *1 (S.D. Fla. Nov. 4, 2005) (citations omitted). Only in "unusual circumstances," which are not applicable here, may a stay "be extended to enjoin litigation against non-bankrupt co-defendants of the debtor." See Chicago Title Ins. Co. v. Lerner, 435 B.R. 732, 735 (S.D. Fla. 2010) (citing A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). Therefore, all other claims against non-debtor Defendants shall proceed.

Any party seeking to extend the automatic stay shall obtain an order from the bankruptcy court. Id. at 747 (stating that "whether to extend the automatic stay . . . [is] most appropriately considered by the bankruptcy court . . . and the Court will defer to its judgment on the matter"). Absent an order from the bankruptcy court extending the stay, this action shall proceed against the non-debtor Defendants. See id.; Gregus v. Plan 4 College, Inc., No. 09-cv-01392-T24AEP, 2009 WL 3064664, at *2 (M.D. Fla. 2009).

For the foregoing reasons, it is

ORDERED and ADJUDGED that any claim against the Debtor and any claim to avoid a fraudulent transfer between the Debtor and a non-debtor Defendant is STAYED. It is further

ORDERED AND ADJUDGED that all other claims against non-debtor Defendants shall proceed. The non-debtor Defendants shall have twenty (20) days from the date of this Order to

file a response to Plaintiffs' Ex Parte Motion Filed Under Seal to Implead Third Party Defendants for Proceedings Supplementary to Execution (ECF No. 81).

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of August, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record